**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| Samir Pilipovic, | ) | |
| | ) | |
| Debtor , | ) | Case No. 4:15-CV-00861-ERW |
| _____ | ) | |
| | ) | |
| Samir Pilipovic, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Amie Rice, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nationwide Inspection Service, Inc | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Alvin Winton, | ) | |
| | ) | |
| Third-Party Defendants | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant-Counterclaim Plaintiff Amie Rice's

Motion to Withdraw Reference [ECF No. 1]. Therein, Rice requests an Order withdrawing the

reference of the Debtor Samir Pilipovic's ("Pilipovic") Complaint against Rice[1] and her

---

[1] Pilipovic's Complaint against Rice was filed in the U.S. Bankruptcy Court for the Eastern District of Missouri on December 8, 2014, and seeks "damages for alleged violations of the discharge injunction under 11 U.S.C. § 524(a)(2), a determination of dischargeability of the alleged debt under 11 U.S.C. § 523(a)(2), and an order enjoining Ms. Rice from attempting to collect on the debt until a determination of dischargeability is entered." [ECF No. 1].

subsequent Counterclaim against Pilipovic, Nationwide Inspection Service, Inc., ("Nationwide") and Alvin Winton ("Winton").[2]

On September 20, 2013, Rice filed her original complaint against Nationwide in the Circuit Court of the County of St. Louis, State of Missouri (hereinafter referred to as "State Proceeding"). On May 23, 2014, Rice filed her First Amended Petition, adding Pilipovic and Winton as defendants to the State Proceeding. On November 6, 2014, Rice was granted leave to file her Second Amended Petition, seeking an exception from Pilipovic's discharge in bankruptcy.[3] On May 22, 2015, the State Court stayed the State Proceeding pending disposition of the claims in Pilipovic's Complaint in the Bankruptcy Court and Rice's subsequent Counterclaim.

On May 20, 2015, the Bankruptcy Court denied without prejudice Nationwide and Winton's Motion to Dismiss Rice's Counterclaim. On June 1, 2015, Rice filed the Motion to Withdraw Reference [ECF No. 1] and on July 15, 2015, Counterclaim Defendants Nationwide and Winton filed their Response [ECF No. 3]. Counterclaim Defendant Pilipovic did not file a response and is assumed to have no objection to Rice's Motion. For the following reasons, the Court hereby denies Defendant-Counterclaim Plaintiff Rice's Motion for Withdrawal.

---

[2] Rice's Counterclaim against Pilipovic, Nationwide, and Winton was filed in the Bankruptcy Court on April 2, 2015, and Count I seeks damages "for fraud against Pilipovic and an exception to discharge pursuant to 28 U.S.C. §§ 523(a)(2)(A) and 523(a)(3); Count II is for fraud against Nationwide and Winton; Count III is for civil conspiracy to commit fraud against Pilipovic, Nationwide, and Winton, and seeks an exception to discharge against Pilipovic pursuant to §§ 523(a)(2)(A), 523(a)(3)(B) and 523(a)(6); and Count IV is for civil conspiracy against Pilipovic, Nationwide, and Winton for tortious interference with Ms. Rice's contract with Paramount and seeks an exception to discharge against Pilipovic pursuant to §§ 523(a)(2)(A), 523(a)(3)(B) and 523(a)(6)." [ECF No. 1].

[3] Pilipovic had filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on October 25, 2013 amd was granted a discharge pursuant to 11 U.S.C. § 727 on February 4, 2014. The bankruptcy case was closed on February 19, 2014. [ECF No. 1].

## I.    DISCUSSION

This Motion before the Court demands a thorough consideration and evaluation of the jurisdictional provisions of the Bankruptcy Amendments and Federal Judgeships Act of 1984, Title 1, § 101(a).

Six years prior to this Act, Congress had enacted the Bankruptcy Reform Act of 1978 in an attempt to broaden the jurisdiction of non-Article III bankruptcy judges.  In *Northern Pipeline Construction Company v. Marathon Pipe Line Company*, 458 U.S. 50 (1982), the United States Supreme Court struck down these efforts.  Subsequent to the *Marathon* decision, Congress enacted the Bankruptcy Amendments and Federal Judgeships Act of 1984.  Of relevance to this discussion, Congress enacted 28 U.S.C. § 157, creating permissive and mandatory avenues for the District Courts to withdraw reference of cases from the bankruptcy courts, and amended 28 U.S.C. § 1334, creating permissive and mandatory avenues for abstention from hearing proceedings related to Title 11 bankruptcy cases.

This Court will first attend to the Motion at hand by analyzing its mandatory and permissive authority to withdraw reference to the Bankruptcy Court under 28 U.S.C. § 157 before considering the Court's abstention authority under 28 U.S.C. § 1334 as outlined in the Bankruptcy Amendments and Federal Judgeships Act of 1984, Title 1, § 101(a).

### A.  Withdrawal of Reference under 28 U.S.C. § 157

This Court's authority to withdraw the reference of a matter to the bankruptcy court stems from 28 U.S.C. § 157(d), which provides:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the

United States regulating organizations or activities affecting interstate commerce.

If Rice's claims require consideration of "both Title 11 and other laws of the United States regulating . . . interstate commerce," withdrawal is mandated. However, Rice does not argue her claims involve federal laws or withdrawal is mandatory. Aside from Title 11, her Counterclaims are for fraud, conspiracy to commit fraud, and tortious interference with contract, all state law claims. Therefore, the Court must instead consider the permissive withdrawal of reference provided by the first sentence of 28 U.S.C. § 157(d).

The statute permits withdrawal of reference upon timely motion of any party for cause shown. Neither of the operative terms is defined in the statute, but Rice's motion is timely as it was filed within two months of receiving leave by the Bankruptcy Court to file her Counterclaim and within two weeks of the denial of Counterclaim Defendants' Joint Motion to Dismiss. Many courts have held motions as timely when filed with much longer delays. *See, e.g., In re Sevko, Inc.*, 143 B.R. 114, (N.D. Ill. 1992) (finding a motion to withdraw reference timely when it was filed five months after creditor had notice of the grounds to remove withdrawal, as it would have been imprudent to file motion until after the bankruptcy judge had denied the debtor's motion to dismiss one month prior to filing of motion to withdraw reference).

In an effort to ascertain the existence of cause to remove, district courts have considered several factors, including: (1) whether the claim is core or non-core; (2) whether the claim is legal or equitable; (3) judicial economy; (4) uniformity in the administration of bankruptcy law; (5) prevention of forum shopping; and (6) the presence of a jury demand. *See, e.g.*, *Holmes v. Grubman*, 315 F.Supp. 2d 1376, 1381 (M.D. Ga. 2004). Both parties admit the proceeding at hand is non-core to bankruptcy law. There is likewise no dispute the claims involved in the non-core proceeding present legal rather than equitable issues. Therefore, absent a waiver, Rice is

4

entitled to a jury trial on these issues, which she requests in her motion. Counterclaim

Defendants consent to having the matter heard by the Bankruptcy Court, but do not consent to a

jury trial [ECF No. 3]. Bankruptcy courts cannot conduct jury trials in a proceeding without the

express consent of all the parties. 28 U.S.C. § 157(e). Though the inability of a bankruptcy

court to hold a jury trial may constitute cause for withdrawal of reference,[4] "'such a right does

not compel withdrawing the reference,' even in a non-core proceeding, 'until the case is ready to

proceed to trial.'" *Murphy v. Cty. of Chemung*, 410 B.R. 145, 149 (W.D.N.Y. 2009) (citing

*Formica Corp. v. Riddick*, 305 B.R. 147, 150 (S.D.N.Y. 2004)).

In this case, it will preserve judicial resources and promote judicial economy if the

Bankruptcy Court has an opportunity to promulgate an opinion regarding whether Rice's claims

against Pilipovic have been discharged by the debtor's bankruptcy. The Bankruptcy Court's

familiarity with the parties and the bankruptcy in question would expedite discovery and a

prompt resolution of the dischargeability issue. While this Court has the authority to

permissively withdraw reference to the Bankruptcy Court upon adjudication of this issue to

protect Rice's right to a jury trial, this Court will abstain from doing so pursuant to its authority

in 28 U.S.C. § 1334 for the following reasons.

### B. 28 U.S.C. § 1334

This Court's authority to abstain from hearing a proceeding stems from 28 U.S.C. §

1334(c)(1)-(2). These subsections discuss permissive and mandatory abstention from matters

comingled between federal bankruptcy law and state law.

#### i. Mandatory Abstention

The mandatory abstention subsection of the statute, 28 U.S.C. § 1334(c)(2), provides six

requirements:

---

[4] *In re Lenders Abstract and Settlement Service Inc.*, 493 B.R. 385 (E.D.N.Y. 2013).

(1) a timely motion is made; (2) the proceeding is based upon a state law
claim or state law cause of action; (3) the proceeding is related to a case
under Title 11; (4) the proceeding does not arise under Title 11; (5) the
action could not have been commenced in a federal court absent
jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and
can be timely adjudicated, in a state forum of appropriate jurisdiction.

*Bricker v. Martin*, 348 B.R. 28, 33 (W.D. Pa. 2006) (citing *Woods v. Passodelis*, 234 B.R. 52, 64

(Bankr.W.D.Pa. 1999)). Though mandatory abstention may only be granted upon timely motion

by a party, analysis of the other five factors is relevant insofar as it informs the Court's decision

regarding the use of its permissive abstention authority under 28 U.S.C. §1334(c)(1).

First, upon a conclusive determination by the Bankruptcy Court regarding the

dischargeability of Rice's Counterclaims against Pilipovic, the only remaining Counterclaims

will be those state law claims for fraud, civil conspiracy, and tortious interference to contract.

Notably, these are the same claims which have been stayed in the State Proceeding. All such

remaining claims will be indisputably based solely upon state law.

Second, both parties have admitted their claims against one another are non-core in

nature. "Non-core proceedings are those which are 'otherwise *related to* the case under Title

11.'" *Plaza at Latham Associates v. Citicorp North America, Inc.*, 150 B.R. 507, 511 (N.D.N.Y.

1993) (citing *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1389 (2d Cir. 1990)).

Third, the remaining claims would also not arise under Title 11. "A claim will 'arise

under' Title 11 if 'the Bankruptcy Code creates the cause of action or provides the substantive

right invoked.'" *In re New Century Holdings, Inc.*, 505 B.R. 431, 441 (Bankr.D.Del. 2014)

(citing *Stoe v. Flaherty*, 436 F.3d 209, 217 (3d Cir. 2006)). The claims for fraud, civil

conspiracy, and tortious interference to contract emanate from state law and not from Title 11.

Fourth, the jurisdictional provision of 28 U.S.C. § 1334 provides the District Court with

original and exclusive jurisdiction of all cases under Title 11. Absent the Title 11 connection,

the claims would invoke only state law and, without complete diversity of citizenship, there will be no jurisdiction in federal court.

Fifth, the State Proceeding has commenced and is currently stayed and, should it be allowed to proceed upon a determination of Rice's Counterclaim's dischargeability in bankruptcy, will not be impeded from being timely adjudicated.

Five of the six elements which would require mandatory abstention by the District Court from hearing the proceedings have been met, with only the requirement this determination be made upon timely motion of a party lacking.

### ii.    Permissive Abstention

Permissive abstention allows district courts the authority to abstain, *sua sponte*, from proceedings in the interest of comity with state courts or respect for state law.[5] Courts have interpreted the statute to require an evaluation of twelve specific criteria to evaluate whether abstention is warranted:

> (1) the effect or lack thereof on the efficient administration of the bankruptcy estate;
> (2) the extent to which State law issues predominate over bankruptcy issues;
> (3) the difficult or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

---

[5] "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. §1334(c)(1). Unlike in the mandatory abstention provision, there is no requirement for permissive abstention to be determined on motion by a party.

(9) the burden on the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of nondebtor parties.

*In re Stabler*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *In re Williams,* 256 B.R. 885, 893–94 (B.A.P. 8th Cir. 2001)).  Factors 2, 4, 5, 6, 7, and 8 were discussed above in the Court's mandatory abstention analysis and all weigh heavily in favor of abstention.  Furthermore, the proceedings would have no effect on the bankruptcy estate as the Debtor Pilipovic has had his bankruptcy closed and Rice seeks monetary damages from Pilipovic.  Upon closing of Pilipovic's bankruptcy case, all scheduled assets not administered during the bankruptcy are considered abandoned to the debtor and are no longer property of the estate.  11 U.S.C. § 554(c). Rice may also seek satisfaction of a non-discharged judgment against Pilipovic against any assets he has gained since the filing of his bankruptcy petition, thus preserving all property that may questionably be property of the estate.  Lastly, Rice's request for a jury trial would best be preserved by allowing her Counterclaim to proceed in the State Proceeding currently stayed.

## II.    CONCLUSION

In the interest of conserving judicial resources and promoting judicial economy, the Court will not withdraw reference from the Bankruptcy Court.  The Court will abstain from hearing these claims under its discretionary authority in 28 U.S.C. § 1334(c)(1).  With the requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2) satisfied, save for a motion by one of the parties, and the factors considered by permissive withdrawal weighing so heavily in favor of abstention, the Court will abstain from hearing these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant-Counterclaim Plaintiff's Motion to

Withdraw Reference is **DENIED.**

Dated this 18th Day of November, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE